PD-1459-15

PD-1459-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/9/2015 8:52:12 AM
Accepted 11/10/2015 3:58:55 PM
ABEL ACOSTA
CLERK

PD-_____

Court of Criminal Appeals of Texas

## THE STATE OF TEXAS,

Petitioner

v.

## JAIME ARREDONDO,

Respondent

State's Petition from the 13th District Court of Appeals
(Cause #13-13-00589-CR), on State's Appeal from the 28th District Court of
Nueces County (Cause #11-CR-2971-A)

## STATE'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

November 10, 2015

ABEL ACOSTA, CLERK

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

Attorney for Petitioner

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

**Trial Court Judge:**  Honorable Nanette Hasette, Presiding Judge of the 28th District Court of Nueces County

**Petitioner:**    The State of Texas, District Attorney for the 105th Judicial District, represented by

Appellate counsel:

A. Cliff Gordon, Asst. Dist. Atty.
901 Leopard St., Rm. 206
Corpus Christi, TX 78401

Trial and appellate counsel:

Mark Skurka, District Attorney
Eduardo Flores Jr., Asst. Dist. Atty.
901 Leopard St., Rm. 206
Corpus Christi, TX 78401

**Respondent:**  Jaime Arrendondo, represented by

Trial and Appellate Counsel:

Lisa Greenberg
John Gilmore
622 S. Tancahua St.
Corpus Christi, TX 78401

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES, AND COUNSEL ........................................ i

INDEX OF AUTHORITIES................................................................................iii

STATEMENT REGARDING ORAL ARGUMENT..........................................iv

STATEMENT OF THE CASE..............................................................................iv

STATEMENT OF PROCEDURAL HISTORY....................................................iv

QUESTION PRESENTED FOR REVIEW ......................................................... v

    1. Whether the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement ........... v

ARGUMENT..........................................................................................................1

PRAYER..................................................................................................................1

CERTIFICATE OF COMPLIANCE ....................................................................2

CERTIFICATE OF SERVICE ..............................................................................3

APPENDIX..............................................................................................................4

    1. Opinion of the 13th Court of Appeals.....................................................4

# INDEX OF AUTHORITIES

**Cases**

State v. Villarreal, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), reh'g granted (Feb. 25, 2015) ..............................................1

**Rules**

Tex. R. App. P. 66.3 ........................................................................................1

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe that oral argument would be helpful to determine this appeal because the issue has already been argued in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015).

## STATEMENT OF THE CASE

A grand jury indicted Jaime Arredondo for Felony Driving While Intoxicated.  Opinion at 2.  The trial court granted his motion to suppress evidence relating to the warrantless draw of his blood pursuant to TEX. TRANSP. CODE § 724.012(b).  Opinion at 2.  The 13th Court of Appeals affirmed, holding that § 724.012 is not a constitutionally recognized alternative to the warrant requirement.  Opinion at 5-6.

## STATEMENT OF PROCEDURAL HISTORY

**Date court of appeals' Opinion handed down**    October 8, 2015

**Date State filed Motion for Rehearing**    n/a

**Date Motion for Rehearing overruled**    n/a

## QUESTION PRESENTED FOR REVIEW

1.    Whether the implied consent and mandatory blood draw provisions

of the Texas Transportation Code are a constitutionally valid

alternative to the warrant requirement.

## ARGUMENT

Although this issue was initially decided against the State in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015), the Court has yet to issue a final decision. Thus, the State respectfully requests that cases like the present one, with similar or identical issues, be held under consideration until *Villarreal* does become final and binding.

The State continues to argue that the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement, and that the decision of the Thirteenth Court of Appeals to the contrary decides an important question of federal law that has not been, but should be, settled by the Court of Criminal Appeals. *See* Tex. R. App. P. 66.3(b).

## PRAYER

For these reasons, the State requests that the Court grant this petition for discretionary review, reverse the court of appeals' judgment, and grant the State all other proper relief.

1

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 730 words.

## CERTIFICATE OF SERVICE

On November 9, 2015, a true copy of the foregoing was served via eServe on the following:

Ms. Lisa Greenberg
lisagreenberglaw@gmail.com
Mr. John Gilmore
gilmorelaw@msn.com
622 S. Tancahua St.
Corpus Christi, TX 78401
Appellate Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon

## **APPENDIX**

1.    Opinion of the 13th Court of Appeals



NUMBER 13-13-00589-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                            Appellant,

v.

JAIME ARREDONDO,                                              Appellee.

On appeal from the 28th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

In this appeal, the State challenges the trial court's granting of appellee

Jaime Arredondo's motion to suppress blood-alcohol test results that police seized

following his arrest for driving while intoxicated.  We affirm.

## I.    BACKGROUND

The relevant facts are undisputed. A police officer pulled Arredondo over for driving illegally on the center dividing line of a street. During the traffic stop, Arredondo showed signs of intoxication. Believing Arredondo to be intoxicated beyond the legal limit, the police officer arrested him for driving while intoxicated. Arredondo had been convicted of driving while intoxicated two times before. After being arrested, Arredondo was asked to provide a sample of his blood for testing. Arredondo refused. Nevertheless, the police officer obtained a sample of Arredondo's blood without a warrant and without his consent, believing the search to be authorized under Texas' mandatory blood-draw statute for repeat DWI offenders. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West, Westlaw through 2015 R.S.) (authorizing mandatory blood draws for drunk-driving arrestees who, prior to their arrest, had been convicted of drunk-driving two or more times before). Although the police officer did not attempt to secure a warrant before drawing a sample of Arredondo's blood, the testimony showed that it would have taken approximately fifteen to twenty minutes to get one.

Based on these facts, Arredondo filed a motion to suppress evidence of the blood sample under the Fourth Amendment. The State stipulated that Arredondo's blood was drawn without a warrant. Citing *Missouri v. McNeely*, Arredondo argued that the police officer lacked exigent circumstances to obtain the warrantless blood sample and therefore conducted an illegal search. *See* 133 S. Ct. 1552 (2013) (holding that, absent exigent circumstances or some other exception to the warrant requirement, a warrantless blood draw in a drunk-driving case violates the Fourth Amendment). Finding no exigent circumstances, the trial court suppressed the warrantless blood sample. This appeal followed.

2

## II.    MOTION TO SUPPRESS

By its sole issue, the State contends that the trial court erred when it suppressed evidence of the warrantless blood sample.

### A.  APPLICABLE LAW AND STANDARD OF REVIEW

The Fourth Amendment to the United States Constitution provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause. . .

U.S. CONST. amend IV.   The taking of a blood sample by the government is a search that triggers the protections of the Fourth Amendment.  *See Schmerber v. California*, 384 U.S. 757, 770 (1966).  "To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  "A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant." *Id.*   Once a defendant establishes that there was no warrant, the burden shifts to the State to prove the warrantless search was reasonable under the totality of the circumstances. *Amador v. State*, 221 S.W.3d 666, 672–73 (Tex. Crim. App. 2007).  The State satisfies this burden if it proves an exception to the warrant requirement.  *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

One well-recognized exception to the warrant requirement applies "when the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *McNeely*, 133 S. Ct. at 1558.  A variety of circumstances may give rise to an exigency sufficient to justify a warrantless search, including the imminent

3

destruction of evidence. *Id.* Courts look to the "totality of circumstances" to determine whether a law enforcement officer faced an emergency that justified acting without a warrant. *Id.* at 1559. In *McNeely*, the United States Supreme Court held that warrantless blood draws in drunk-driving cases violate the Fourth Amendment unless the State can show exigent circumstances or some other exception to the warrant requirement. *Id.*

Another exception to the warrant requirement applies when the defendant consents to the particular search at issue. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "For consent to search to be valid as an exception to the warrant requirement, the consent must be given voluntarily, without coercion by threats or force and not as the result of duress." *Forsyth v. State*, 438 S.W.3d 216, 222 (Tex. App.—Eastland 2014, pet. ref'd). Additionally, a person who consents to a search may also specifically limit or revoke such consent. *See Miller v. State*, 393 S.W.3d 255, 266 (Tex. Crim. App. 2012). The State must prove valid consent by clear and convincing evidence. *See Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012).

We review a trial court's decision on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Under our abuse of discretion analysis, we use a bifurcated standard of review. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc) (citing *Guzman v. State*, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997) (en banc)). We give almost total deference to the trial court's findings of historical fact that are supported by the record and to its resolution of mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *See Amador*, 221 S.W.3d at 673 (citing

4

*Guzman*, 995 S.W.2d at 89).  We "review de novo 'mixed questions of law and fact' that do not depend upon credibility and demeanor."  *Id.* (quoting *Montanez v. State*, 195 S.W.3d 101, 107 (Tex. Crim. App. 2006)).

### B. Discussion

In this case, the State stipulated that Arredondo's blood was drawn without a warrant.  Therefore, the burden shifted to the State to prove that the warrantless blood draw was reasonable.  *See id.*  On appeal, the State does not argue that an exigent circumstance existed to justify the warrantless blood draw.  Instead, the State argues that the warrantless blood draw should be upheld as reasonable under the consent exception to the warrant requirement.

To support this argument, the State relies on the implied-consent and mandatory-blood-draw provisions of the transportation code, which purport to establish implied consent for all drivers arrested on suspicion of driving while intoxicated.  *See* TEX. TRANSP. CODE ANN. § 724.011.  Read together, these provisions provide that a person arrested for driving while intoxicated "is deemed to have consented" to the taking of a blood sample, *see id.*; and consent "deemed" to have been given under section 724.011(a) may not be withdrawn or revoked if, among other things, the arrestee has two prior convictions for driving while intoxicated.  *Id.* § 724.012(b)(3)(B).  Relying on this statutory scheme, the State argues that by getting arrested for driving while intoxicated, Arredondo impliedly consented to the blood sample and could not withdraw that consent because of his two previous convictions for driving while intoxicated.

After the State filed its appellate brief in this case, the court of criminal appeals affirmed our decision in *State v. Villarreal* and held, among other things,

5

that a warrantless blood draw taken pursuant to these implied-consent and mandatory-blood draw provisions does not fall within the consent exception to the warrant requirement when, as here, the suspect refuses to consent to the search. *See* No. PD–0306–14, 2014 WL 6734178, at *11 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). In reaching its decision, the court observed that a suspect's consent to search must be freely and voluntarily given, and a necessary element of consent is the ability to limit or revoke it. *Id.* The court concluded:

> It would be wholly inconsistent with these principles to uphold the warrantless search of a suspect's blood on the basis of consent when a suspect has, as in the present case, expressly and unequivocally refused to submit to the search. That explicit refusal to submit to blood testing overrides the existence of any implied consent, and, unless some other justification for the search applies, there remains no valid basis for conducting a warrantless search under those circumstances. To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when [he or she has two prior convictions for driving while intoxicated], that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search. In other words, implied consent that has been withdrawn or revoked by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires.

*Id.* (citations omitted). Thus, the Fourth Amendment requires "actual" consent; statutorily "implied" consent does not obviate the need for a warrant and does not trump a suspect's actual refusal to consent to a blood draw. *See id*; *see also Forsyth*, 438 S.W.3d at 222 (holding that implied consent under the transportation code is not the equivalent to voluntary consent as a recognized exception to the warrant requirement); *State v. Ruiz*, No. 13-13-00507-CR, 2015 WL 5626252, at *3 (Tex. App.—Corpus Christi Aug. 27, 2015, no. pet. h.) (mem. op.) (holding the

6

same as it relates to an unconscious drunk-driving defendant under section 724.014(a) of the transportation code).

Accordingly, we conclude that the State did not meet its burden to establish that Arredondo consented to the warrantless blood draw in this case because the evidence undisputedly shows that he refused the police officer's request to obtain a sample of his blood. *See Ford*, 158 S.W.3d at 492; *see also Villarreal*, 2014 WL 6734178, at *11. We therefore overrule the State's sole issue.

### III.  CONCLUSION

We affirm the judgment of the trial court.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of October, 2015.